Filed 7/31/14  P. v. Fife CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

MICHAEL FIFE,

    Defendant and Appellant.

E059395

(Super.Ct.No. RIF1201401)

OPINION

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Michael Fife appeals from a judgment of conviction after he pled guilty to robbery (Pen. Code, § 211)[1] and admitted that he had a prior conviction under the "Three Strikes" Law. (§ 667, subds. (b)-(i).) Defendant argues that his plea was the result of ineffective assistance and that the trial court erred in denying his motion to withdraw his plea. (§ 1018.) We disagree, and affirm the judgment.

STATEMENT OF THE CASE[2]

Defendant was charged by felony complaint with robbery and petty theft with three priors, a felony. (§ 666, subd. (a).) The complaint also alleged that defendant had served two prior prison terms within the scope of section 667.5, subdivision (b); suffered a prior "serious felony" conviction (§ 667, subd. (a)); and that the latter conviction was a "strike." This conviction was for battery with serious bodily injury. (§ 243, subd. (d).)

---

[1] All subsequent statutory references are to the Penal Code.

[2] Because defendant entered his plea before the preliminary hearing could be held, the facts of the case are not ascertainable from the record.

The felony plea form executed by defendant indicated that the maximum term for the charges and allegations involved was 10 years.[3] (§ 1192.7, subd. (c)(8).) Had the serious felony enhancement and the two prior prison terms remained in play, the maximum would have been 13 years.[4] The agreed term offered to defendant was six years.

Some six weeks later, defendant moved to withdraw his plea on the basis that his original attorney, Jeffrey G. Moore, had *erroneously* advised him that the battery conviction was a "strike," but that defendant had now been informed that the allegation was "defensible" and therefore wished to go to trial.

The motion was supported by an affidavit by Attorney Moore which stated, in essence, that he originally recognized that a conviction under section 243, subdivision (d), was not automatically a strike[5] and intended to "research the matter further." However, he left the law firm representing defendant before satisfying himself

---

[3] The triad of possible punishments for second degree robbery is two, three, or five years, and the term selected would be doubled due to the "strike." (§§ 213, subd. (a)(2); 667, subd. (e)(1).)

[4] This assumes that the trial court could have imposed all enhancements, but could not have imposed the upper term without violating the "dual use" rule. Our record does not indicate whether other aggravating factors beyond defendant's criminal history existed.

[5] Such a conviction becomes a serious felony under a "catch-all" provision in section 1192.7, subdivision (c)(8), if the defendant "personally inflicts great bodily injury on any person, other than an accomplice."

as to whether the conviction was provable as a strike. He informed the attorney taking over defendant's case that he was not entirely sure on the point.

A year later, Attorney Moore returned to the law firm and again began representing defendant. The second attorney told Moore that the battery conviction was indeed a strike, but that attorney was actually relying on her incomplete recollection of what Moore had told *her*; she had not independently researched the conviction. But in the meantime, Moore's advice to defendant about the six-year offer was predicated on the belief that the strike was valid.

Attorney Moore then stated that he had now reviewed documents from the earlier case, including the probation report and plea transcripts, and formed the opinion that "the [section] 243[, subdivision] (d) conviction which is alleged as a strike in this case cannot be proven as such by the District Attorney." This was presumably based upon "the current state of the law regarding proof of a [section] 243[, subdivision] (d) conviction as a strike offense and the permissible bounds of use of the record of conviction in presenting such proof." He related that defendant had "told me that he would not have entered into the plea bargain in this matter had I advised him of these issues at the time of the plea negotiations." No declaration by defendant himself was submitted.

The motion came before the court on the date set for sentencing. The court indicated that it had reviewed the transcript and plea form relating to defendant's plea in the battery case and from that concluded that the conviction did, in fact, constitute a

strike. Implicitly determining that defendant had therefore received accurate advice, it denied the motion and proceeded to sentencing in accordance with the plea bargain.

The reporter's transcript from the 2005 hearing reflects that the court informed defendant that the People charged "that you did willfully and unlawfully use force upon the person of a Robert Bleese, inflicting serious bodily injury." Defendant responded by saying "Yes, sir," and then, prompted by the court, entered a formal plea of guilty.

DISCUSSION

It is now well-established that a criminal defendant is entitled to the effective assistance of counsel during plea negotiations and relating to whether or not a plea bargain should be accepted. (*Lafler v. Cooper* (2012) 566 U.S. __, 132 S.Ct. 1376, 1384; *Hill v. Lockhart* (1985) 474 U.S. 52, 56-60; *In re Alvernaz* (1992) 2 Cal.4th 924, 933.) "Effective assistance" is measured by the familiar standard: was counsel's performance deficient, and did any errors or omissions prejudice the defendant—in this context, did they lead to the decision to enter a plea of guilty? (*Hill v. Lockhart*, *supra,* at pp. 58-59; *In re Alvernaz*, *supra,* at p. 934.)

A defendant seeking to withdraw his plea bears the burden of establishing his or her right to withdraw the plea by clear and convincing evidence. (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416.) We review for abuse of discretion. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

First, as the Attorney General points out, there is *no* direct competent evidence that defendant would have rejected the offer if he had been properly advised. All the

5

court had before it was the *hearsay* recital in *counsel's* declaration.  On the other hand, if the alleged "strike" was not valid, the maximum defendant would have faced would have been seven years.[6]  We may therefore assume that defendant would have elected to go to trial had he known that his plea would only net him one year under the maximum.

However, defendant has failed to show deficient performance.  He has failed to show that the People could *not* have proved that the battery conviction was a "strike."

As noted above, the conviction was a "strike" if defendant personally inflicted serious bodily injury upon a person other than an accomplice.  As the trial court noted, in 2005 defendant *expressly admitted* having inflicted such harm, with the reasonable implication that he did so personally.  ("[Y]ou did willfully and unlawfully use force . . . .")  Nothing in the record suggests that the victim was an accomplice.  While it is true that the People would have borne the burden to prove this element (see *In re Richardson* (2011) 196 Cal.App.4th 647, 652), the appellate record does not establish that it would not have been possible to do so.  Although neither the felony plea form nor the reporter's transcript from 2005 demonstrates that the victim was not an accomplice, the complete record in that case was not before the trial court—and is not before this court.

This is not a case in which the appellate court is asked to determine whether there was sufficient evidence that a prior conviction was a strike.  (E.g., *People v. Valenzuela* (2010) 191 Cal.App.4th 316, 321-323.)  Because defendant *admitted that he had suffered*

---

[6]  The upper term for the robbery, plus two one-year prior prison term enhancements.  If the conviction was not for a serious felony, no five-year enhancement would have been available.

6

*a strike*, the People had no obligation to produce *any* evidence about the prior conviction. Rather, it was up to defendant to demonstrate that the *entire* record from the 2005 case did not contain facts supporting the position that the victim was not an accomplice. The limited excerpts from the 2005 record do not require this conclusion.**7**

Defendant argues that he did carry his burden because Attorney Moore's declaration includes the statement that he had by then formed the opinion that "the [section] 243[, subdivision] (d) conviction which is alleged as a strike in this case cannot be proven as such by the District Attorney" based upon "the current state of the law regarding proof of a [section] 243[, subdivision] (d) conviction as a strike offense and the permissible bounds of use of the record of conviction in presenting such proof." With all due respect, we find that it would be wholly inappropriate for us to take the word of counsel as dispositive of this appeal, without having any opportunity to review the *correctness* of his opinion.

Accordingly, defendant failed to establish that the advice given by counsel in discussing the six-year offer was erroneous. The trial court acted well within its discretion in denying the motion to withdraw the plea.

---

**7** We realize that we may be setting things up for a duplicative petition for writ of habeas corpus if in fact the 2005 record would *not* permit a finding that the victim was not an accomplice. Defendant submitted a request for judicial notice of the entire record in that case. We denied the request, which did not contain the matter to be noticed, but invited defendant to "resubmit the request along with copies of the requested documents, or accompanied by an explanation as to why producing the copies is not feasible." Defendant did not do so. Hence, we are limited to the record before the trial court.

7

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                    P. J.

We concur:


RICHLI
            J.


MILLER
            J.

8